Dean, J. (Dissenting.)
I do not think there is any force in the objection taken to the admissibility of the testimony in reference to the new promise. The cause of action is the indebtedness, of which the note was the evidence merely. The new promise, if effectual, was only to keep alive or continue the original cause of action. I cannot, therefore, think it was necessary for the party to declare on the new promise. On the contrary, I must regard the old system of pleading as correct.
The other question, viz., whether it was necessary for the promise to be in writing, is one of more difficulty. The note was dated in June* 1841, payable on demand, and therefore as regards the statute of limitation, payable immediately. The new promise, relied upon by the plaintiff, was in September, 1848, after the statute had barred the claim. By the law, as it had existed prior to the passage of the Code, an acknowledgment of the debt, or a promise to pay, would keep the original debt in existence. By § 90 of the Code, then in force, “ no acknowledgment or promise ” was “ sufficient evidence of a new or continuing contract, whereby to take the case out of the operation” of the statute, unless in writing signed by the party to be charged thereby. But § 66 of the same title provides that that title “shall not extend to actions already commenced or to cases where the right of action has already accrued.” The right of action had accrued prior to the adoption of the Code, and therefore it did not apply to this case. For these reasons I think the judgment should be affirmed. Hand, J., was also in favor of affirmance.
Judgment reversed.